UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN WATTS                                      CIVIL ACTION

VERSUS                                          NO: 17-814

WESLEY HARRISON, ET AL.                         SECTION: "J" (5)

## ORDER

Before the Court is a *Motion to Enforce Settlement Agreement* **(Rec. Doc. 17)** filed by Annett Holdings, doing business as TMC Transportation ("TMC"), and Hudson Insurance Company (collectively "Defendants"), an opposition thereto (Rec. Doc. 26) filed by John Watts ("Plaintiff"), and a reply (Rec. Doc. 30) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that this case is hereby **REMANDED** to the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an alleged motor vehicle accident that occurred on December 7, 2015, involving a vehicle driven by Plaintiff and a vehicle owned by TMC. On July 6, 2016, approximately seven months after the collision, Plaintiff sent a written offer to settle to TMC for "$1,500.00 plus medicals in the amount of $1,804.00." Plaintiff further provided that the offer was to remain open for 10 days. TMC responded within the allotted

1

time period via an email which provided, "We will agree to settle your claim for 3,304.00." The email also included an attached release agreement and a request that Plaintiff execute said agreement. Plaintiff, however, neither signed nor returned the attached release. Nevertheless, on July 8, 2016, TMC sent a check to Plaintiff for a sum of $3,304 for "Full & Final Settlement & Release of all Claims."

Plaintiff did not negotiate the check, and instead, filed the instant lawsuit against Defendants in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, on December 6, 2016, alleging damages caused by the vehicle collision. Plaintiff's petition alleges damages for injuries to his person, including neck and back, along with mental and emotional distress. The petition also alleges damages for past, present, and future physical pain, physical suffering, bodily injury, mental and emotional overlay, and medical expenses. In accordance with Louisiana law, Plaintiff did not request a specific dollar amount of damages in his state court petition.[1]

---

[1] No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. La. Code Civ. Proc. art. 893.

Defendants removed the lawsuit to this Court on January 31, 2017, pursuant to 28 U.S.C. § 1332(a)(1) diversity jurisdiction. Defendants then filed the instant *Motion to Enforce Settlement Agreement* arguing that the parties entered into a valid written settlement as a result of the correspondence dated July 6, 2016. Accordingly, Defendants urge the Court to enforce the alleged settlement agreement as a full and final release of all claims arising out of the vehicle collision.

Plaintiff asserts that the Court should not enforce the settlement agreement for two reasons. First, Plaintiff contends that the agreement is void for lack of consent because the settlement offer contained a typographical error. Alternatively, Plaintiff argues that although he intended to settle for $15,000, he inadvertently offered to settle for $1,500. Second, Plaintiff contends that the parties never perfected a valid settlement agreement because Defendants' purported acceptance was actually a counteroffer.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal district court has subject-matter jurisdiction over a state claim when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. *Mumfrey v.*

*CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) by setting forth "summary judgment-type evidence" of facts in controversy that support a finding of the requisite amount." *Id.* (citations omitted).

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (stating that federal courts may examine the basis of jurisdiction *sua sponte*). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

**DISCUSSION**

Although Plaintiff neither objects to nor challenges the Court's subject-matter jurisdiction over its claims, the Court raises the issue of jurisdiction *sua sponte*. *Simon*, 193 F.3d at 850. Diversity jurisdiction, which Defendants assert as the basis for removal, requires: (1) complete diversity of citizenship between the parties and (2) an amount in controversy in excess of $75,000. *Mumfrey*, 719 F.3d at 397 (citing 28 U.S.C. § 1332(a)). It is undisputed that complete diversity exists here: Plaintiff is a citizen of Louisiana, Hudson Insurance is a Delaware corporation with its principal place of business in New York, and TMC is an Iowa corporation with its principal place of business in Iowa. However, whether the amount in controversy requirement has been met presents a more difficult inquiry. Because Plaintiff's petition does not allege a specific amount of damages, Defendants bear the burden of proving an amount in controversy in excess of $75,000. Accordingly, the Court first looks to Plaintiff's state court petition to determine whether the amount in controversy is "facially apparent." *Manguno,* 276 F.3d at 723.

In *Seaman v. Tetra Applied Techs., Inc.*, another section of this district concluded that the plaintiff's state court petition failed to facially establish an amount in controversy above the jurisdictional threshold. 2000 WL 222851, at *2 (E.D. La. February 18, 2000). At issue was whether the defendant's removal was timely

5

pursuant to 28 U.S.C. § 1446(b).[2] *Id.* at *1. The defendant, who had filed a notice of removal more than thirty days after being served, alleged that it first became aware that the case was removable upon receipt of the plaintiff's discovery responses. *Id.* The court agreed, reasoning that the amount in controversy was not facially apparent from the plaintiff's petition which alleged the following damages: "serious injuries to [plaintiff's] mind and body, including, but not limited to neck and back, past and future mental and physical pain and suffering, lost wages, loss of further earning capacity medical expenses, and related expenses." *Id.* at *1-2. The court classified these claims as "vanilla" allegations that "in no way indicate the severity of plaintiff's injuries." *Id.* at *2. Importantly, the court pointedly stated, "Indeed, had [defendant] sought removal based on the allegations in plaintiff's petition for damages, [defendant] would have *failed* to carry its burden to prove that federal jurisdiction

---

[2] 28 U.S.C. § 1446(b)(1) generally requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added).

over the subject-matter of the case exists." *Id.* (emphasis added). Notably, this Court has likewise found similar allegations inadequate to support removal. *See Jupiter v. Lowe's Home Centers, Inc.*, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (Barbier, J.) (concluding that the plaintiff's state court petition, which alleged damages for severe injuries to the plaintiff's knees which required surgery; loss of enjoyment of life; physical disability; pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses, failed to affirmatively reveal on its face that the minimum jurisdictional amount was met); *see also Steed v. Chubb Nat'l Ins. Co.*, 2016 WL 403837, at *2-4 (E.D. La. February 3, 2016) (Barbier, J.) (concluding that it was not facially apparent from the petition that the jurisdictional amount was satisfied).

In this case, Plaintiff's state court petition alleges damages for "injuries to his person including neck and back, along with her [sic] mental and emotional distress." The petition further alleges damages for past, present, and future physical pain, suffering, bodily injury, mental and emotional overlay, and medical expenses. These allegations are nearly identical to the insufficient allegations in *Jupiter* and *Seaman*. Although Plaintiff's petition includes a general list of the damages sought, it does not contain a description of the nature and extent of

7

Plaintiff's injuries. *See Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001). Such "vanilla" language does not establish that the jurisdictional requirement is in controversy. *Jupiter*, 2012 WL 2878639, at *2; *Seaman*, 2000 WL 222851, at *2; *see Alonzo v. Shoney's, Inc.*, 2001 WL 15641, at *2 (E.D. La. Jan. 5, 2001) (finding that it was not facially apparent that the amount in controversy exceeded the federal jurisdictional threshold); *see Jacob v. Greyhound Lines, Inc.*, 2002 WL 31375612, at *3 (E.D. La. Oct. 21, 2002) ("Given the nature of the accident and the generalized description of [plaintiff]'s injuries, the [c]ourt finds that the petition did not affirmatively reveal that the amount in controversy exceeds the jurisdictional minimum."). Accordingly, the Court concludes that Plaintiff's petition fails to establish on its face an amount in controversy exceeding $75,000.

Furthermore, Defendants' notice of removal is void of any summary judgment-like evidence, such as medical records or bills regarding the amount of damages sought, that might support the required monetary basis for diversity jurisdiction. Although Defendants allege that they were told that Plaintiff suffered a rotator cuff tear which required surgery, the Court finds this assertion, without more, insufficient to establish subject-matter jurisdiction. *Compare James v. Home Depot USA, Inc.*, 2002 WL 1453824, at *2 (E.D. La. July 3, 2002) (denying remand where the

defendants offered summary judgment-type evidence including: (1) an affidavit stating that the plaintiff required knee surgery and had missed work for months and (2) as evidence of damages, an MRI of the plaintiff's spine which reflected a bulging disc); *with Jupiter*, 2012 WL 2878639 at *2 (granting remand where the defendant removed on the basis of the plaintiff's petition, which alleged the plaintiff's need for knee surgery, without submitting any evidence regarding the nature or extent of the injury); *and Riley v. Wal-Mart Louisiana, LLC*, 2015 WL 9268160, at *2 (E.D. La. December 21, 2015) (granting remand because defendant failed to produce any summary judgment-type evidence, such as an affidavit or medical report, regarding the nature of the plaintiff's alleged injuries). Because the requisite jurisdictional amount is not facially apparent from Plaintiff's petition, Defendants had an affirmative burden of proving by a preponderance of the evidence, with "summary judgment-like" proof, that the amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412; *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999); *see Nelson*,192 F. Supp. 2d at 619. Defendants have failed to meet this burden.

In addition, the settlement offer letter, dated July 6, 2016, further buttresses the Court's conclusion that the jurisdictional

requirement was not met at the time of removal. The amount of a settlement offer is "valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)). Plaintiff's settlement offer letter, attached as an exhibit to Defendants' instant *Motion to Enforce Settlement Agreement*, establishes that Plaintiff offered to settle all claims for "$1,500.00 plus medicals in the amount of $1,804.00" prior to filing the state court lawsuit.[3] A number of district courts within the Fifth Circuit have looked to similar pre-petition settlement offers as relevant evidence and have granted remand when the offers were for an amount less than the jurisdictional requirement. *See Lemus v. Intercontinental Hotels Corp.*, 2000 WL 526872, at *3 (E.D. La. May 1, 2000) (granting remand where the pre-petition settlement offer was for $50,000); *see also Soileau v. Louisville Ladder Inc.*, 2008 WL 1924234, at *3 (W.D. La. April 28, 2008) (granting remand where the pre-petition settlement offer was for $28,392.37); *but see Tarleton v. Coca-Cola Refreshments USA, Inc.*, 2016 WL 541447, at *1-2 (E.D. La. February 2, 2016)

---

[3] Even if this Court takes Plaintiff's allegation that he made a typographical error as true, Plaintiff's intended settlement offer of $16,804 would likewise fall below the amount in controversy requirement.

(denying remand based on a pre-petition settlement demand of $81,080.00). Here, Plaintiff's settlement offer, which the Court finds is an honest assessment of Plaintiff's damages, does not come close to exceeding the $75,000 jurisdictional threshold.[4]

In sum, after reviewing the instant motion, the notice of removal, and the record, the Court concludes that Defendants have failed to carry their burden of proving that removal is appropriate. For cases in which removal is defective because of lack of subject-matter jurisdiction, remand may take place without a motion to remand and at any time. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998).

---

[4] The only evidence in the record regarding the extent of Plaintiff's injuries is a copy of Plaintiff's medical expenses totaling $1,804 for chiropractic massages and exercises. *See Steed v. Chubb Nat'l Ins. Co.*, 2016 WL 403837, at *2-4 (E.D. La. February 3, 2016) (Barbier, J.) (granting remand because the record established that the plaintiffs' medical expenses did not exceed the $75,000 amount in controversy requirement).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that this case is hereby **REMANDED** to the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, for further proceedings.

New Orleans, Louisiana, this 2nd day of November, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE